IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST James E.
MURPHY, Attorney at Law.

Supreme Court

*No. 87–0253–D. Filed May 12, 1987.*

(Also reported in 406 N.W.2d 155.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney James E. Murphy (Murphy) be publicly reprimanded for unprofessional conduct consisting of the neglect of several client matters. The referee also recommended that Attorney Murphy be required to pay the costs of this proceeding. We determine that a public reprimand is appropriate discipline for Attorney Murphy's misconduct in these matters.

Attorney Murphy was admitted to practice law in Wisconsin in 1964 and practices in Marinette. He has

not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Rodney L. Young, reserve judge.

The referee made findings of fact based upon a stipulation between the Board of Attorneys Professional Responsibility (Board) and Attorney Murphy. Attorney Murphy was retained by a couple to represent them on a claim for damages sustained in an automobile accident which occurred in Menominee, Michigan in 1979. Attorney Murphy accepted that representation, knowing he was neither licensed to practice law in Michigan nor qualified to litigate the clients' claim there. In pursuing the matter, Attorney Murphy failed to keep the clients informed of the progress of their claim, failed to obtain medical authorizations from them, failed to communicate with the insurance carriers of the other parties involved in the accident, failed to respond to the inquiries of his clients' medical insurance carriers, failed to familiarize himself with relevant Michigan law, specifically with respect to the statute of limitations under a recently adopted no-fault liability statute, failed to commence an action or otherwise preserve his clients' legal rights within the statutory time period, which resulted in the statute of limitations barring his clients from asserting their claim, and failed to inform his clients promptly upon his discovery that their claim was barred. Subsequently, however, Attorney Murphy informed his clients of his conduct, acknowledged liability for it, advised them to seek other counsel and, pursuant to a compromised settlement, paid them $11,500.

In a second matter, Attorney Murphy was retained in 1979 to act as attorney in an estate. Because he had not closed the estate and obtained necessary

inheritance tax clearances, a purchaser of property from the estate was subsequently unable to complete a sale of that property, thereby losing the profits from that transaction and incurring expenses in retaining an attorney to attempt to close the estate. Attorney Murphy failed to close the estate until nearly six years after it was opened. He eventually closed the estate without charging a fee, personally paid the inheritance tax of $1100 and reimbursed the purchasers for their expenses and losses amounting to $670.

While investigating the grievance filed in connection with the estate matter, the Board discovered that Attorney Murphy was attorney in 11 estates pending in circuit court for Marinette county that were delinquent. As of August 8, 1985 he had closed five of those; he completed the remaining estates more than 18 months after the Board had commenced its investigation into the delinquencies.

On the basis of these stipulated facts, the referee concluded that, with respect to each of the matters, Attorney Murphy's conduct constituted neglect of legal matters entrusted to him, thereby violating SCR 20.32(3). We adopt the referee's findings of fact and conclusions of law, and we accept the recommendation that Attorney Murphy be publicly reprimanded and required to pay the costs of this proceeding. While his neglect of his clients' legal matters caused the clients and others to incur substantial financial losses, Attorney Murphy acknowledged his misconduct and personally repaid those losses. Further, this is the first time Attorney Murphy has been the subject of a disciplinary proceeding. Under the circumstances, we determine that a public reprimand is appropriate discipline for his misconduct.

IT IS ORDERED that Attorney James E. Murphy is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 30 days of the date of this order James E. Murphy pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of James E. Murphy to practice law in Wisconsin shall be suspended until further order of the court.